**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| **ROBERT A. STRINGER** | **CASE NO. 04-01779-JEE** |
| **JOYCE T. STRINGER** | |

**DEFICIENCY NOTICE**
(Re: Procedure for Requesting Payment of Unclaimed Funds)

TO:   Michael J. Kalasardo
      Supervisor Contact Center
      Debt Recovery Department
      RSB NB
      P.O. Box 7092
      Bridgeport, CT 06601-7092

Pursuant to 28 U.S.C. §2042, a claimant entitled to payment of unclaimed funds may petition the court for payment, with notice to the United States Attorney, and upon providing sufficient documentation to establish the identity of the claimant and the authority of the applicant to make a claim.

Your Request for Unclaimed Funds is deficient as follows:

☐   has not been noticed to the United States Attorney. Movant must sign a certificate of mailing reflecting that the motion/request was served on the United States Attorney for the Southern District of Mississippi.

☐   no supporting documentation to establish your entitlement to the funds, i.e. proof of sale of company, proof of transfer of claim, proof of identity of claimant such as brief history of creditor from the filing of the claim to present (to reflect possible reasons for the funds not being deliverable at the time of original distribution).

☐   proposed order not submitted. Order must have amount and name of claimant to be paid, and the name and address of party check is to be mailed to.

No further consideration will be given to your Request for payment of unclaimed funds, pending compliance with the above.

Dated: May 16, 2006

                                          Charlene J. Kennedy, Clerk
                                          100 East Capitol Street
                                          P.O. Box 2448
                                          Jackson, MS 39225-2448

**Note 16**

clerk. In re Stark, D.C.N.Y.1929, 36 F.2d 280.

**17. —— Sovereign immunity**

Doctrine of sovereign immunity did not bar attachment of property in registry of federal district court, where Government had requested that court accept certificate and proceeds in its registry and had never attempted to claim an interest in that property. U.S. v. Van Cauwenberghe, C.A. 9 (Cal.) 1991, 934 F.2d 1048.

An order allowing the alleged victim of a defendant's criminal conduct to attach the funds which were posted by the defendant as bail and held by the United States, in which the United States had absolutely no interest, did not implicate the sovereign immunity doctrine. Landau v. Vallen, C.A.2 (N.Y.) 1990, 895 F.2d 888.

There has been no waiver of sovereign immunity with respect to garnishment of cost bonds posted in federal courts. Corporation Co. of Miami v. Mikelis, D.C.Fla. 1979, 467 F.Supp. 826.

**18. —— Bankers Mortgage exception**

Where there is an ongoing governmental or judicial purpose in retention and disposition of cost bond, not only is Bankers Mortgage exception to in custodia legis doctrine inapplicable, but doctrine of sovereign immunity also proscribes attempted garnishment, and a waiver of sovereign immunity would be necessary before cost bond and clerk of federal court could be proper subjects of a garnishment proceeding. Corporation Co. of Miami v. Mikelis, D.C.Fla.1979, 467 F.Supp. 826.

**19. Interest on funds comprised of clerks' fees**

The United States has no claim to interest received by the clerk on a fund constituted from the fees and emoluments of his office collected and deposited by him pending his semi-annual return. U.S. v. MacMillan, D.C.Cal.1913, 209 F. 266.

**20. Cessation of running of interest upon deposit**

Payment into court of a judgment and costs in order to stop the running of interest thereon if such is desired is authorized by this section and Rule 67 of the Federal Rules of Civil Procedure. Fassbinder v. Pennsylvania R. Co., D.C.Pa.1964, 233 F.Supp. 574.

Where seller sued buyer for value of material sold and delivered and buyer filed cross-action for damages for delay in delivery and for value of material returned to seller, and buyer paid into court $11,553.19 as being in full of the amount owed, and seller recovered by the litigation the sum of $8,528.25, the seller would be allowed interest on $8,528.25 from the date that buyer notified seller of claim for damages for delay in delivery to date of judgment, but seller would be denied interest on amount paid into court. U.S., for Use and Benefit of E. B. Kaiser Co. v. Southern Piping & Erecting Co., D.C.Tenn.1950, 92 F.Supp. 569.

Ordinarily a payment into court prevents the further running of interest. Los Angeles Soap Co. v. U.S., D.C.Cal.1944, 56 F.Supp. 260, reversed on other grounds 153 F.2d 320, certiorari denied 66 S.Ct. 1120, 328 U.S. 848, 90 L.Ed. 1621.

**21. Interest-bearing accounts**

Sum deposited in court by insurer who brought interpleader action would be deposited in interest-bearing account on application of all the claimants. Prudential Ins. Co. of America v. King, D.C.Mo. 1969, 308 F.Supp. 1143.

**22. Registry fund fees**

Registry fund fee established by the Director of the Administrative Office of the United States Courts applies to condemnation deposits. National R.R. Passenger Corp. v. 10, 178 Square Feet of Land More or Less, situated in County of New York, State of N.Y., S.D.N.Y.1990, 132 F.R.D. 356.

## § 2042. Withdrawal

No money deposited under section 2041 of this title shall be withdrawn except by order of court.

In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

(June 25, 1948, c. 646, 62 Stat. 960; Sept. 13, 1982, Pub.L. 97-258, § 2(g)(4)(D), 96 Stat. 1061.)

### HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1948 Acts.** Based on Title 28, U.S.C., 1940 ed., § 852 (R.S. § 996; Feb. 19, 1897, c. 265, § 3, 29 Stat. 578; Mar. 3, 1911, c. 224, 36 Stat. 1083).

Words "and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders" were omitted, in view of section 725p(b)(14), of title 31, U.S.C., 1940 ed., which repealed permanent appropriations of unclaimed money accounts and substituted authorization for annual appropriations effective July 1, 1935.

Changes were made in phraseology.

In U.S. Law Week, Nov. 7, 1939, Rep. Walter Chandler (Author of Chandler Act, Bankruptcy) observed as to the Judicial Code:

"Among the major subjects needing study and revision are—Numerous procedural changes which have been brought about through adoption of the Federal Rules of Civil Procedure should be codified." * * * 80th Congress House Report No. 308.

**1982 Acts.** House Report No. 97-651, see 1982 U.S. Code Cong. and Adm. News, p. 1895.

**Amendments**

**1982 Amendments.** Pub.L. 97-258, § 2(g)(4)(D), inserted "under section 2041 of this title" immediately after "No money deposited" in the first paragraph, and "under section 2041" immediately after "deposited in court" in the last paragraph.

### CROSS REFERENCES

Bribe moneys deposited in registry of court, see 18 USCA § 3666.
Deposit in court, see Fed.Rules Civ.Proc., rule 67, 28 USCA.
Unclaimed property, see 11 USCA § 347.

### LIBRARY REFERENCES

**American Digest System**
Withdrawal of money deposited in court, see Deposits in Court ⇒10.

**Encyclopedias**
Withdrawal of money deposited in court, see C.J.S. Deposits in Court § 8.

**Forms**
Discussion of this section, see West's Federal Forms § 5373 et seq.
Investment of proceeds, see West's Federal Forms § 11477 et seq.
Order authorizing withdrawal of money, see West's Federal Forms § 11461.

**Texts and Treatises**
Deposit in court, see Wright & Miller, Federal Practice and Procedure: Civil § 2991 et seq.

### WESTLAW ELECTRONIC RESEARCH

Deposits in court cases: 123k[add key number].
See, also, WESTLAW guide following the Explanation pages of this volume.